John S. Lookman, J.
I make these findings of fact. On June 14, 1968, at around 11:45 p.m., at Jack in the Box Hamburgers, Jericho Turnpike, and Willis Avenue, Mineóla, Nassau County, two police officers heard shouting from across the .street and crossed the street to the vicinity of the Jack in the Box where they observed about 20 youths yelling, pushing, and conducting themselves in a manner described as horseplay, and this group was in the immediate vicinity of the rear of an automobile upon which the defendant was sitting. As a matter of fact, they were so close that at times some of the group were leaning on the automobile., The officers told the boys to disperse ,and everybody left except the defendant. The defendant was told to move and he said, “ I’m not moving.” The officer said, “I’m telling you to move.” The defendant responded, “I’m ¡not moving.” At the time, there was an empty white bag in *559 ,the vicinity of .the car, and from all of the evidence I find that the defendant was eating a hamburger at that time.
The defendant was placed under arrest. It was never established that the defendant was a member of the group that was yelling and pushing and carrying on, nor was there any testimony that the defendant was yelling and pushing and carrying on.
These are my conclusions of law:
Section 240.20 of the Penal Law provides, “ Disorderly conduct. A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly .creating a risk thereof: * * * 6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse ”.
The People rely on People v. Galpern (259 N. Y. 279) which was decided in 1932, wherein the Court of Appeals held that the refusal of one of a group standing on a sidewalk to move on at the direction of a policeman constitutes disorderly conduct .under subdivision 2 of section 722, the forerunner of our present section.
Section 722 provides: “Disorderly conduct. Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct * * * 3 'Congregates with others on a public street and refuses to move on when ordered by the police.” This is the distinction that I note: the Penal Law of 1909, which section 722 was a part of, in addition to providing that a person 1 ‘ with the intent to provoke a breach of the peace,” also provided, “ Or whereby a breach of the peace may be occasioned. ’ ’ The drafters of our present Penal Law, section 240.20 omitted the language,1 ‘ Or whereby a breach of the peace may be occasioned,” and therein lies the difficulty of the People’s position.
Accordingly, the motion to dismiss is granted.